<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Judge James ([00:01:03](00:01:03)):

Good afternoon. Can you all hear me?

Dr. Reynard ([00:01:07](00:01:07)):

I can

Judge James ([00:01:10](00:01:10)):

Dr. Reynard, can you hear me?

Dr. Reynard ([00:01:13](00:01:13)):

Yes.

Judge James ([00:01:14](00:01:14)):

Okay, very good.

Dr. Reynard ([00:01:16](00:01:16)):

And you can hear me?

Judge James ([00:01:17](00:01:17)):

Right? I can hear you all. Thank you. Um, and you should also see on your screen my, one of my law clerks, Casey Tolo [phonetic]. Um, and then my courtroom deputy probably has let you on the line and maybe spoke with you earlier. So those are the other figures you see on the screen. Uh, well, thank you all. Um, this is the pretrial conference in <u>Leslie Reynard v Washburn University of Topeka</u>, Case Numbers 194012, 194061, and 202219. Um, let's see, on behalf of, uh, Dr. Reynard, I see you're here in person today and good afternoon. And then, um, for defendant Washburn, um, Susan Mauch, and Cameron Bernard, are you on the line? Is that you?

Dr. Reynard ([00:02:18](00:02:18)):

Yes, good afternoon.

Judge James ([00:02:20](00:02:20)):

Good afternoon. All right. Well, I hope everybody is doing well. Um,

Judge James ([00:02:26](00:02:26)):

I will, uh, go through most of the pretrial order with you all. Um, Casey and I have reviewed it with a fine tooth comb, uh, the earlier version, and then your revised version. And thank you all for working on that and sending an updated amended version. I appreciate your work on it. Um, the, we still have, and I say we, Casey and I still have a number of, uh, questions and comments. Um, it's not unusual that we have those, uh, about a pretrial. There may be more than the typical number of questions, uh, and comments we have on this one. Um, but, but that's probably also understandable given that it's three consolidated cases. Um, so we will go through those, um, just because it, it seemed to make more sense as I was preparing for this. Um, I'm, I'm going to go out of order and instead of going chronologically through the, uh, pretrial order as it's written, I want to start with the more substantive issues first.

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Judge James (00:03:33):

Um, and, uh, so I'm going to start with, with the issues, um, near the end of the pretrial order, um, under additional pretrial motions. I think that that's where, where there's discussion or questions raised by, uh, the parties about, um, the substantive issues still in the case. So, uh, I'll direct your attention there. And, and first I want to talk about the claims in the case in consolidation. Um, and Dr. Reynard, I, I, um, see that you have, um, revised the claims section, and I appreciate that. To make clear that your three claims that you're going to trial on here are those three that you note from Case Number 202219. That kind of ties into the question I had, uh, we had emailed you about in connection with the pretrial conference about, um, which cases are going to trial and whether there will be consolidation given that your claims the three relate to case number 202219, Dr. Reynard, are you, um, willing now to dismiss the other two cases that are consolidated with that case?

Leslie Reynard (00:04:52):

Um, yeah, since I'm not a lawyer, this is probably a stupid question or request, but, um, I all along wanted to dismiss those two and amend this one. Um, back in September of whatever year that was… where the, uh, proceedings were stayed, there was a discussion that, um, was kind of a … Complaint that I wrote because I'm not a lawyer, but I wanted to, uh, try to amend it to make it more, uh, effective and efficient for everybody. Um, if that can't be done, um, I understand, uh, about the experts because I am not an expert, but if I were able to, uh, amend it so that I could include the claims that were in the first two, it would really, to me, and I'm a rhetorician, <laugh>, not an attorney, um, makes sense that I can't be claiming retaliation. If we only start at the point where the adverse actions begin, which is April of 2018, what would they be retaliating against? Unless I can enumerate those the way I did in my first two claims … uh … Complaints.

Judge James (00:06:07):

Well, I, I guess I'm not understanding you, Dr. Reynard, because if, if as your, the pretrial order, proposed pretrial order indicates your three claims that you're pursuing going to trial on all are in just case number 202219, why are you concerned about, uh, including claims from the other case or including the other two cases? Um, that confuses me.

Leslie Reynard (00:06:38):

I, I'm probably confused. And that's why the people who know the law and the procedures are confused … because, um, I was just concerned about, uh, eliminating claims that would be important to pursuing the three that are left. I really want to have the elegant solution and keep it as simple as possible on, on this suit. And I really do want to just proceed on the, um, Complaint that I filed where I actually was involved in deciding, uh, what should be in the claim and where the trial should be set. Um, the other two were not, um, my choice.

Judge James (00:07:21):

Okay. All right. So I guess I'll turn to, um, defendant then. Um, at this point, do you, I I, I guess it's kind of an odd situation. I know why Washburn had objected previously to, uh, Dr. Reynard dismissing those claims because of the cost and expenses and legal fees involved. Um, at this point, does Washburn, would Washburn have an objection to, uh, essentially what I, I think would be Dr. Reynard just dropping her claims in the other cases in, in the pretrial order, and all that goes forward be 202219?

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.


Susan Mauch, Esq. ([00:08:12](#)):

I think the, yeah, it's <laugh> It is a complicated, uh, question. My concern generally was that when we're conferring with Dr. Reynard, we couldn't get on the same page as to consolidation, uh, for trial or what claims we're going forward. She's, she's more clear, I think, on what she wants today on dismissal. Um, but if they're dismissed with prejudice, I mean, we have to clean it up somehow. And so we thought the idea there was two ways to go either consolidate, um, or dismiss with prejudice. Uh, Mr. Bernard, you have a different thought?


Cameron Bernard, Esq. ([00:08:57](#)):

No, I'm just, I'm just trying to think how this is all working. Um, because the first two cases were consolidated and, um, Dr. Reynard's … um, attorneys filed a first submitting Complaint, which I think the claims in that first submitting Complaint match the claims in her *pro se* Complaint that she filed later on. And so, um, when we're talking about claims missing from prior, um, Complaints, uh, I'm not sure exactly what we're referring to. Um, and so I guess the understanding now is that we're, we're just, we would proceed just on 20, um, 2219 in the three claims there, and then dismiss the other two cases. I think that's where we're at. And then, but I think before when we were considering costs and attorney's fees, that was for everything together, understand that they were all consolidated, um, it seems that the contentions of fact that Dr.  …


Cameron Bernard, Esq. ([00:10:18](#)):

… Reynard raises in 202219 are very similar to the First Amended Complaint from the two consolidated cases prior. So when we're talking about them being substantially different complaints, the First Amended Complaint and the 202219, I'm not sure there, there is that much difference between those two rather than, um, a couple things that Dr. Uh, Reynard added to her *pro se* complaint. So I just kind of want to make sure we're on the same page with that, if we're going forward with the motion to dismiss on the other two. Maybe Ms. Mauch can speak more to attorney fees and costs for those two, if that's the issue.


Susan Mauch, Esq. ([00:11:02](#)):

Well, I thought the …


Cameron Bernard, Esq. ([00:11:04](#)):

Yeah …


Susan Mauch, Esq. ([00:11:07](#)):

That's a little more complicated and nuanced. Um, I mean, I would, I would prefer just to consolidate it for trial, honestly. That's where we were headed in the beginning. Consolidate …


Judge James ([00:11:25](#)):

I'm sorry to interrupt you. Is the, is the, the thing we're struggling with here, whether the dismissal of the two other cases would be with or without prejudice, is that the nuance, uh, Washburn's counsel? Is that, is that what we're concerned about?

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

Cameron Bernard, Esq. ([00:11:44](#)):

Yeah, I think there's, I think there's, yeah, there's, there's kind of two parts. One is the with or without prejudice, and then the second one is, uh, what do we do with attorney's fees and costs, um, with the dismissal of those two cases. Namely that the the, the third case, the 202219 didn't come until later. So there might be some issues there about, um, protecting our claims or our ability to raise costs in attorney's fees for those earlier two cases.

Judge James ([00:12:13](#)):

Okay. Alright. Well, listen folks, I, it sounds like, it sounds like the best thing to do is just to consolidate the cases for trial, which I presume I, I'm sorry I, it's been so long since I have spoken to you. Is it Dr. Rennard or Dr. RAYnard? How do you want me to pronounce it?

Leslie Reynard ([00:12:37](#)):

Reynard is fine.

Judge James ([00:12:43](#)):

<laugh>. Well, how do you prefer?

Leslie Reynard ([00:12:45](#)):

Well, my husband always liked ReyNARD. He thought it sounded a little snazzier <laugh>

Judge James ([00:12:50](#)):

Reynard. Okay. All right.

Leslie Reynard ([00:12:52](#)):

He was proud that he did not [inaudible]  <laugh>.

Judge James ([00:12:55](#)):

Okay. I…

Leslie Reynard ([00:12:56](#)):

I may interrupt? Have I have a third way that I'd like to propose? It may be stupid, but, um, what if, and I would agree to this because I'm concerned about the attorney's fees and cost too, since I'm a Kansas taxpayer. Um, what if they were consolidated under 202219? I'd be totally open to that.

Judge James ([00:13:21](#)):

I'm not sure what you mean. I, I mean, consolidation by its very nature is consolidating multiple cases. So, so if we consolidate that's in effect, it would have the effect of, it would preserve the attorney's fees issue as to the other two cases,

Leslie Reynard ([00:13:41](#)):

I think. But I would like, um, the lead case to be the one I actually wrote and filed with the trial setting in Kansas City, Kansas.

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Judge James ([00:13:49](#)):

Well, that's, that won't work. No. Okay. And we're going to get to that trial location issue. We're coming to that. Okay. Um, so, and, and I think that, I think that the … Ms. Mauch and, uh, um, I'm sorry, Mr. Bernard, uh … I, I think your point is well taken. Your, your, you have raised the issue of your attorney's fees as under damages. Correct. So, so by consolidating, um, the three cases, we preserve that issue for the trial, and I, I think we're all on the same page with that. And Dr. Reynard, just to make it perfectly clear, you don't want three trials, correct?

Leslie Reynard ([00:14:40](#)):

Oh, absolutely not.

Judge James ([00:14:42](#)):

Right. So, okay. So that's what we're going to do, folks. We're going to consolidate the three cases per trial and speak. Now, if you disagree, otherwise, we're going to note in the pretrial order that the parties are in agreement that the three cases should be consolidated for trial.

Leslie Reynard ([00:15:00](#)):

I'm still willing… I'm willing to dismiss the first two and, uh, let the attorney's fees and costs follow. They may, because I think that work can also, uh, be put forward in, um, defending the third complaint. Ok. It's all the same bathwater.

Judge James ([00:15:17](#)):

Well, that, that, um, uh, con that issue, Dr. Reynard, uh, you can't, you can't just as, as evidenced by the prior motion practice months ago, you can't just dismiss those cases over the objection of the defendant. So mm-hmm. <affirmative>, that won't work. So, um, alright. So everybody's in agreement Yes. That we're going to consolidate all three cases for trial. Correct?

Cameron Bernard, Esq. ([00:15:47](#)):

Does that include dispositive motions as well, just to be clear?

Judge James ([00:15:50](#)):

Yes.

Cameron Bernard, Esq. ([00:15:51](#)):

Okay. Thank you.

Judge James ([00:15:53](#)):

All right. Hearing no objection, then Casey will note in the pretrial order, uh, we will drop a footnote or add some language that makes clear that after, um, debating the issue and everybody having a right to speak to the issue that the parties have agreed, uh, to the three cases being consolidated for purposes of trial. All right. Thank you. That is helpful to get that issue resolved. Um, and, and also as part of that too, Dr. Reynards issue, the way we handle this, when there's consolidation, uh, Dr. Reynard, and, and it's this way, anytime we consolidate cases, the way we do it in District of Kansas is that the lead case is

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

always the earliest filed case just for filing and reference and how this caption is styled. That earliest case comes first. So for what it's worth, that's how …

Leslie Reynard ([00:16:55](#)):

I want to learn. That's, well … that's a local rule?

Judge James ([00:16:59](#)):

I don't know the local rule, Casey, or is it just a practical, logistical way we do things, our clerk's office does things.

Speaker 6 ([00:17:08](#)):

I don't remember it being in a local rule, but it, it is the way that it's been done as long as I've been with the court, which is over 20 years.

Leslie Reynard ([00:17:18](#)):

So I'm trying to learn, I think I'm still teachable.

Judge James ([00:17:21](#)):

Any, any, all I know Dr. Reynard is anytime we enter an order of consolidation, it says just that, that the lead case will be the earliest filed case. Okay. So it's, it's just, uh, I think our clerk's office just does that for handling purposes. So they have a consistent policy underneath.

Leslie Reynard ([00:17:40](#)):

There was a, a story about a family that always cut the bottom of the turkey off … the pope's nose. And, uh, they asked why they were doing that. "Now we've always done it that way." And then somebody older said, "Well, the, the oven was too small, <laugh>, and [that's how] great grandma cooked the turkey." So that's why we do it that way. <laugh>.

Judge James ([00:17:58](#)):

Well, who knows? Yeah. It doesn't matter started. Right.

Leslie Reynard ([00:18:01](#)):

It's a cultural standard, so that's …

Judge James ([00:18:03](#)):

Exactly. Okay. Let me see. Um, um, I better look at my notes here again. So under, for the actual language of the pretrial order, um, on page 25, then, um, we will delete little vi, in other words, Reynard then will not file a motion requesting the, um, um,

Leslie Reynard ([00:18:41](#)):

That consolidation under complaint number three.

Judge James ([00:18:45](#)):

Right.

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

Leslie Reynard (00:18:47):

Okay.

Judge James (00:18:48):

Well, actually I should have said, I should have said set little v two ii .,, mm-hmm. <affirmative>, we will strike that. Um, Washburn won't need to file a motion to consolidate, um, or for dismissal, because we'll handle that. We'll note that that's resolved in the pretrial order. All right. Is that all right with Washburn?

Leslie Reynard (00:19:09):

Thank you.

Judge James (00:19:10):

So little v two ii will come out. Casey, are we on the same page? Okay, good. All right. Then continuing under additional pretrial motions under 3 little i, ... um, Dr. Reynards indicated, uh, she intends to file, um, a motion for leave to amend, um, in case number 202219. Dr. Reynard, are you still intending to do that?

Leslie Reynard (00:19:44):

I don't think I need to, if all three complaints are still going to be a considered to be alive.

Judge James (00:19:50):

Okay. All right. So we will, sorry. Okay. So we will strike, um, 3 little i, or maybe we should leave it in. Casey, why don't we leave that one in and then we'll, we'll either add a note or drop a footnote that says, after discussion, and given that the cases are being consolidated for trial, Dr. Reynard has indicated she does not intend or feel the need to file a motion to amend. Okay. All right. Then under little i, little v that is number 4. On page 25, you indicate Dr. Reynard, that you're, you're contemplating filing a motion to compel, uh, under rule 37. Is, is this with regard to the request for admissions that are referenced on page 23 of the proposed pre-trial order?

Leslie Reynard (00:20:50):

Well, it's, uh, it's a discovery of sorts [inaudible]. Um, it originally was about the deposition, but I was directed to contact the court reporter, and I did, and she's going to get me a copy of it. I've never seen it, never read it, never signed it. Um, but also the document dump, uh, I didn't request those documents or any documents. Um, it's just overwhelming, uh, and doesn't seem to serve a purpose. I don't know if I, and that's why it says "contemplates filing a Rule 37 motion," not compelling disclosure. But, um, it would be nice if I had a chance to, um, review and respond to, um, whatever was produced after, what, three months, seven years, two and a half months. I don't know about this. I, I ... just hope to keep it as simple as possible, especially since I can't see <laugh>.

Judge James (00:21:48):

Well, I guess I, I don't know what you're referring to. And, and I, the problem I have is Dr. Reynard, it's, it's awfully late. I mean, any, any discovery motions objections should have been dealt with a long time ago. Um, but I just ...

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.


Leslie Reynard ([00:22:08](#)):

[inaudible] … the documents and I [may] want to move to strike them.


Judge James ([00:22:13](#)):

Did Washburn just recently produce some documents…


Leslie Reynard ([00:22:16](#)):

Massive numbers of documents, uh, after we, um, spoke last. Massive numbers of documents, and I did not ever file a documents request of any kind. The only thing I filed in terms of discovery was my Request for Admissions.


Judge James ([00:22:32](#)):

Uh, so Washburn, you supplemented your Rule 26 disclosures. Is that what happened?


Leslie Reynard ([00:22:38](#)):

In a really big way


Cameron Bernard, Esq. ([00:22:40](#)):

There's, there's a couple things. Um, so as we were going through the discovery process last fall, it became apparent to us that, um, so there's a couple stages in this first stage … was that it became apparent that Dr. Reynard did not have a lot of the discovery that we originally produced to her attorneys. And so we reproduced those to her because we were having trouble understanding if she actually had them or not herself personally, if she'd received those from her attorneys or not. So out of good faith, we just reproduced those to her. Um, and then…


Judge James ([00:23:19](#)):

And when would that have been? When would that have been?


Cameron Bernard, Esq. ([00:23:22](#)):

Oh, it would've been November, December, maybe off the top of my head. It was before, it was before discovery deadline. Um, and then there was a couple other documents that were above what we had produced originally before the discovery date, if I'm recalling correctly. And then, um, we had, there was a hearing from the internal appeal hearing. We produced the, uh, exhibits that Washburn used for those, and also the transcripts from the internal here, appeal hearing to Dr. Reynard. So that was a large amount as well. And I think that was before the discovery deadline, if I remember correct. Then we had the medical records, which were a lot, which were a lot. And then we had some more emails we received from Washburn that had to be cleaned up, um, given, um, student identification and privilege information, and we produced, those are all from one single source. Um, and I think that's so, I mean, overall, yes, it does seem a lot of, lot, a lot of, like, a lot of documents. But I mean, a lot of those would've been already produced to her attorneys beforehand.


Leslie Reynard ([00:24:46](#)):

No. All right. Well, oh, the, uh, the hearing documents I already had, and I already have them. The medical records cover things like images of colonoscopies. I mean, they are … we talked about

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

gynecology... I didn't see, I didn't look at it enough to see if there's gynecology in there, but there's colonoscopy and pictures of excised organs and bills, and it's… it's crazy. Uh, but I have all my medical records, I have all those records. I didn't ask for them. I asked for clarification beginning back in September, of which of the about 15 files that I have from my former attorneys were actually produced by Washburn because they're numbered in, uh, an illogical way. And my former attorney, Mark Dugan, had no clue. He told me to ask Washburn, and I believe it was Mr. Schultz said, "Well, you know, that's, that's work product. Forget it." So, and then there's, uh, and, uh, around after Christmas when I'm, I didn't, I didn't need it. I'd like to …

Judge James ([00:25:51](00:25:51)):

Hey, listen, I, I can't rule on anything when it's vague like this. And yeah, besides, there's not a motion before me, Dr. Reynard there… Did you ever respond …

Judge James ([00:26:07](00:26:07)):

The, the, the situation here is, I, I think it sounds like, although I, I can't tell the timing and all of this, but under our federal rules, there's a requirement, as you probably know by now, that each side make Rule 26 disclosures of everything that supports their claims or defenses. And there's an obligation to do that early on in the case. And then there's an ongoing obligation to supplement so that you're not surprised at trial with evidence, documents, information that you've never seen. So it sounds to me that that's what Washburn has been doing is supplementing its disclosures to you. And they're required to do that by the rules. Um…

Leslie Reynard ([00:26:57](00:26:57)):

But those are files from my, uh, about 600 prospective exhibits, uh, that were, um, uploaded and given to Washburn for the formal hearing. They're my files. I don't need them.

Judge James ([00:27:10](00:27:10)):

Okay. Well, they're …

Leslie Reynard ([00:27:11](00:27:11)):

And they're picking and choosing from those files, which most of them, only about 5% were admitted during the hearing.

Judge James ([00:27:18](00:27:18)):

But, but the point I'm trying to make, Dr. Reynard is that, um, Washburn has an obligation to produce to you and let you know anything they might use at trial to support their defenses. So apparently, I mean, even though those may have come from you, they, if they want to use any of that at trial, they have to disclose it to you that they have it. Now, I hear what you're saying that probably a lot of what they disclosed is not going to be used at trial, and probably Washburn has produced a lot of stuff that it really is not going to use at trial. Um, probably all of you should be able to stipulate to exhibits and what's really going to be used at trial, and I would presume, um, it would be in both sides' best interest to try and drill down on that before trial. So I will leave it to you all to do that, Dr. Reynard, as far as the Motion to Compel, I… I really don't know how you're, you would file a meaningful motion. You, you, you're going to have to be very specific about what it is you're objecting to, and otherwise, it's going to be hard for me to rule. So…

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Leslie Reynard (00:28:36):

I'm sorry, I have another ignorant question. It seems to me that I've inadvertently broken that rule about Rule 26 disclosures, and I need a maybe another three days to, uh, provide Washburn unless we can count the files that are already, uh, in Washburn's hands as part of that, uh, formal hearing, I need to disclose those to Washburn

Judge James (00:28:58):

Disclose what?

Leslie Reynard (00:28:59):

I need to provide supplemental, uh, documents to Washburn, because I did not do that.

Judge James (00:29:05):

Of what you plan to use at trial?

Leslie Reynard (00:29:07):

Yes. Evidence, uh, supporting my claims.

Judge James (00:29:12):

Well, yeah, you're, the deadline was 40 days before this close of discovery, so you're, you're way delinquent in doing that. You best get high behind it and provide them copies of any documents, exhibits, evidence you want to bring to trial. And then, you know, they may have an objection, um, that you didn't do it timely, but, but the best thing you can do is do it now as quickly as you can, and we'll see where that goes.

Leslie Reynard (00:29:41):

Well, Washburns weren't timely either, because they're still flowing in.

Judge James (00:29:48):

Well, we, there may be issues about what's…

Leslie Reynard (00:29:52):

I think, so whether …

Judge James (00:29:52):

They were proper, but it sounds like it's on both sides. So, um, mm-hmm. <affirmative> mm-hmm. <affirmative>. We'll see where that goes. But …

Leslie Reynard (00:29:59):

I know ignorance isn't an excuse, but it…  I I really hate being ignorant about things like that because it certainly is a disadvantage.

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Judge James ([00:30:06](#)):
Well, it's in the rules, Dr. Reynard Rule 26, which I think you should have been aware of. We've talked about it a lot, so, um,

Judge James ([00:30:17](#)):
Right. Ignorance is not an excuse, especially, I know you're very bright, so

Leslie Reynard ([00:30:22](#)):
Not anymore <laugh>.

Judge James ([00:30:25](#)):
All right. So then that, that is a good segue to this whole lengthy discussion at the, on pages 23 and 24 about these requests for admissions. Um, and, and, uh, I, I think that, that, Dr. Reynard, are you planning to, to take issue with the Request for Admissions that were served on apparently February 23rd on Washburn?

Leslie Reynard ([00:30:56](#)):
Well, it was after 5:00 PM So I think, uh, for me it would've been February 24th since I can't access the online filing. Um, but yeah, um, with the cut discovery cutoff, I don't have a chance to, uh, respond to those. And they, they were simple admissions. They were not, uh, numerous. They were …

Judge James ([00:31:17](#)):
Not, well, they were numerous. There were 51 of them. That's numerous. Um, and, and also, Dr. Reynard, I went back and checked the record, and a big part of the problem here is that you didn't serve the request for admissions until, um, December, mid-December, I think. And so they Washburn's deadline to respond to them was after the discovery deadline.

Leslie Reynard ([00:31:44](#)):
I, um, I served them by mail. I didn't, um, I didn't upload a notice because I'm ignorant. Uh, and I know it's no excuse, but that's what happened. They'd had them for at least a week before we had the, the, the last trial setting conference. They'd already had them for at least a week.

Judge James ([00:32:04](#)):
I, I thought I saw that this weren't served until mid-December. Am I wrong about that?

Leslie Reynard ([00:32:09](#)):
That's when I uploaded the notice and I realized, oh, I have to do that part. And I didn't do that part, but just so the court would know, have it on record that they were served, but they weren't, I have to look at the exact date… but they had already had them when, um, we had our last pretrial conference. Because that was, uh, the main reason I wanted to extend the discovery so they could finish looking at them and respond to them within the 30 days they were allowed.

Judge James ([00:32:41](#)):
When were they, do you, does Washburn know when those were served? The request for admissions?

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Cameron Bernard, Esq. ([00:32:46](#)):

Yeah. I believe they were served mid-December. Um, and then I don't believe that, uh, Dr. Reynard served a notice until later, as she said. Um, and we, that's, we did ask for an extension at the status conference, uh, before the, I believe that was before the December 30th deadline for disclose the discovery.

Judge James ([00:33:09](#)):

Right. And I think we then there was a phone conference, and I think we extended the deadline till February 28th, which was a fairly linking extension. But because of the holiday being in there, um, February 28th was the deadline. And then, uh, Washburn served its responses. It says five days before the deadline. So February 23rd, correct. Your answers to the request for admissions were served February 23rd, is that right? Yes, your Honor. That's correct. Okay.

Leslie Reynard ([00:33:40](#)):

But I don't have an extension to, um, take issue with anything they've responded.

Judge James ([00:33:48](#)):

So are you planning to file a motion to compel with regard to those? I mean, they've answered Now, are you, are you, do you have any objection to the answers given?

Leslie Reynard ([00:33:59](#)):

Well, those, those objections would have to be filed as a formal document, wouldn't they?

Judge James ([00:34:06](#)):

Yeah. You'd need to file a motion to compel if you claim the answers were insufficient.

Leslie Reynard ([00:34:12](#)):

So I was honoring the, um, court's cutoff, uh, dates, uh, end of December and the February date. I was expecting it, uh, within 30 days of the service, and, uh, thought that they'd be considered admitted because they didn't respond in that time. So, um, no, I felt like I didn't have a chance to do. I don't, I don't, I don't have a right to, uh, do that, I don't think under the rules.

Judge James ([00:34:37](#)):

Well, Washburn requested an extension of the 30 day deadline before the deadline ran. So, and then they served their answers February 23rd, five days before the extended deadline. So they, they did serve timely answers to the request for admissions. Now, you have 30 days from when those were served, if you feel that their answers were inadequate in some way. That's what I'm asking you.

Leslie Reynard ([00:35:07](#)):

Um, I didn't know I had, I didn't know I could do that. Uh, that time's already passed. That was yesterday.

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Judge James ([00:35:12](#)):

I think it's today, actually, but, okay. Yeah, February. Okay. So you don't intend to file an object, uh, motion to compel?

Leslie Reynard ([00:35:21](#)):

I, I won't have time to do that. I, I physically can't see well enough, uh, to do that much, um, computer work at this time.

Judge James ([00:35:30](#)):

Okay. All right. Well then can we, can we strike all of this discussion on page 23 about the request for admissions and just, just note that discovery is now complete?

Dr. Reynard ([00:35:45](#)):

Yes, your Honor.

Leslie Reynard ([00:35:47](#)):

Well, except for my supplemental disclosures can, how, how much time can I have to provide those to Washburn?

Judge James ([00:35:54](#)):

Well, you're already out of time, so you just need to do it yesterday. <laugh>,

Leslie Reynard ([00:36:00](#)):

I can't get this thing to go into reverse, so, so, um…

Judge James ([00:36:05](#)):

Okay. I

Leslie Reynard ([00:36:06](#)):

Can get that by Monday. Is that all right?

Judge James ([00:36:08](#)):

Well, I can't tell you. It's all right. Washburn may object to them because they're very related, so just do it as quickly as you can. And if Washburn objects, then we'll deal with the objection, Casey, for the pretrial order, then let's just do take out that discussion about the request for admissions note that, um, the parties agree that discoveries complete, except that there is apparently some issue of whether either both sides, uh, need to supplement their Rule 26 disclosures. Okay. Uh, Washburn, any objection to that? Did you guys say something? I couldn't hear you. Washburn

Susan Mauch, Esq. ([00:36:59](#)):

Did not have an objection, your Honor.

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

Judge James (00:37:01):

Okay. Okay. Thank you. All right. Next issue. Dr. Reynard. Kind of same thing with regard to this. You intending to file a motion for appointment of pro bono counsel? Uh, again, it's very late in the case. Um, and frankly, it's very unlikely that would be granted. But if, if you plan to file a situation, you better get high behind it and do it.

Leslie Reynard (00:37:38):

Okay. Or, uh, I may, you know, given my health in the situation, I will probably need a guardian ad litem if things don't, uh, improve, which they haven't.

Judge James (00:37:52):

Okay. Well, I would say you need to, if you're going to file some sort of motion, you should file it within the next week.

Leslie Reynard (00:37:58):

Okay.

Judge James (00:38:00):

Well let, let's say, let's say by April 8th.

Dr. Reynard (00:38:06):

Okay.

Judge James (00:38:10):

All right. Um,

Judge James (00:38:14):

Now we have this issue in little vi about the place of trial. Dr. Reynard, I, my memory was very faint about all of this, but I went back and, um, reviewed the docket and, um, there were motions filed with regard to trial location after I set a deadline for that to happen. Um, and I set a deadline for motions for trial location. Um, and, and the deadline was October 1st, 2021 for any such motion to be filed. Um, uh, Washburn filed a timely motion to designate Topeka as the trial location. And, um, you didn't file any, any sort of motion. Uh, I know you had designated Kansas City when you filed the most recent case, 202219. You don't have me to blame for this, but Judge Teeter ruled on that motion. Mm-hmm. <affirmative>, and she did an analysis, and she took into account your designation of Kansas City as a place of trial.

Judge James (00:39:24):

But she found after I think a well reasoned, um, uh, analysis, she found that Topeka was a proper location for trial and entered an order, um, that Topeka would be the place of trial. That's, that was in docket entry 114. So that issue has been resolved. Dr. Reynard and, and, uh, trial will be in Topeka if, if you, if you want to take issue with that, um, the only way to do that would be to file a motion for reconsideration of Ju Judge Teeter's order. And not only that, it would be a motion, uh, to file, uh, a motion out of time for reconsideration because her order was entered a long time ago and you didn't

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

timely request reconsideration. So you've got two problems. One, she's already ruled after, considering all of the arguments that Topeka place of location. So you'd be requesting reconsideration. And the second problem is you missed the deadline for requesting reconsideration, so you'd be filing a belated out of time request for reconsideration. So I discourage you from doing that. I think it will be a waste of time. Um, do you, do you still intend to pursue that issue?

Leslie Reynard ([00:40:53](00:40:53)):

Well, I don't want to indulge in a pointless waste of the courts and the party's time, um, although I feel strongly that that is an inappropriate trial location for a lot of reasons. I think both you and Judge Teeter and are in Kansas City, Kansas, correct? Your offices are there.

Judge James ([00:41:13](00:41:13)):

Yes, we are.

Leslie Reynard ([00:41:14](00:41:14)):

All of my medical people, except for the ear, nose, throat doctor, are, um, either in Kansas City or Rochester, Minnesota or Lawrence, Kansas. Nobody is in Topeka. Uh, some of Washburn's key witnesses in the internal hearing, and I would assume they'll try to call them again. They're not even in the state anymore, or they won't be, uh, Julianne Mazachek is going to Texas. Mary Pilgrim's gone to Missouri. Um, and, uh, actually my fears of Covid are, um, very, uh, well blooming because, uh, I am monitoring the situation. Shawnee County has a higher instance than even Kansas City, Kansas does, certainly higher than Douglas County, even higher than Johnson County. Um, the courtrooms in Topeka are a bit smaller than they are in Kansas City, Kansas. Um, and, uh, I don't know. Uh, those are the major things. And also the bias of the, uh, prospective jury pool, although I've seen that, uh, jury pools can overcome that with the [Georgia] Aubery, uh, trial where the judge couldn't even control the, uh, defense wanting to get a lot of "Bubba's and Joe six packs" on the jury.

Leslie Reynard ([00:42:36](00:42:36)):

Um, the jury followed truth. So I I'm not saying that, uh, people can't, uh, understand, uh, or, um, apprehend what's true and what's false, and they, uh, they have no reason to be, well, maybe biased against an old woman, but <laugh>, nothing I can do about that <laugh>. So uh, but, uh, the fact that a lot of them went to Topeka, I mean, to a Washburn, they, uh, are employed by Washburn, their families are employed by Washburn. Um, I, I've had counsel who were interested in the case go, eh, that's my alma mater, I just can't do it. Um…

Judge James ([00:43:16](00:43:16)):

Well, uh, alright. Um,

Leslie Reynard ([00:43:19](00:43:19)):

But I don't think there's probably any point in, in, uh, bothering Judge Teeter or you with another motion because, um, I'll just have to trust, um, that, uh, voir dire will clear away, uh, any, um, problematic jurors, but the, you know, the truth might have a chance to breathe.

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

Judge James (00:43:42):

Well, I think you would get independent and impartial in ju jurors and an impartial jury in either location. I, I, uh, I think people tend to be fair and honest and take the role as jurors seriously. But in any event, you're, you got a tough uphill battle here. If, if you're going to file a motion, you just, you a motion for reconsideration, you just gotta do it right away. So

Leslie Reynard (00:44:10):

I I'll let it go. No, there's no point in it. No, I don't want to, I don't want to clutter things up. I mean, I just like to,

Judge James (00:44:16):

Okay. All right, then you will, let's do the same thing again, Casey, that after discussion, um, uh, leave that in. But note that Dr. Reynard has indicated she will not file a Motion to Change trial location to Kansas City page.

Leslie Reynard (00:44:37):

Is that 24?

Judge James (00:44:39):

It's on page 25 in the list of additional, yeah. Okay. Then, um, Washburn in the last one, little v three little I, uh, says it intends to file a motion to extend the dispositive motions deadline. Um, what length of extension would Washburn be requesting?

Susan Mauch, Esq. (00:45:05):

Uh, I would propose, uh, two additional weeks, uh, to April 20th, please.

Judge James (00:45:11):

Okay. Dr. Reynard, do you have any objection to that? Uh, that would apply to, to you as well? If you're intending to file any sort of dispositive motion...

Leslie Reynard (00:45:21):

That's fine. April 20th, is that?

Judge James (00:45:25):

Yes. Okay. Okay. Then I will note that without objection from Dr. Reynard that we will extend the dispositive motions deadline to April 20th. You, you don't need to file a motion.

Susan Mauch, Esq. (00:45:37):

Judge...

Judge James (00:45:38):

Okay. All right. We're making progress. I think we've dealt with all of the additional motions there now, pretrial motions that I had issues with, so that cleans that up quite a bit. Thank you all for your accommodations on that. And so now I think we're ready to go back and deal with the, uh, contentions

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

and things earlier in the pretrial order. Um, we will make some stylistic and editing changes in the contentions of both parties, um, that I won't even go over with you in the stipulations. Dr. Reynard, I think we could make that a little bit more precise. I'm going to suggest to you, uh, a couple of changes that I, I think get the substance in, but without repeating, um, the two little i that says you be, you were an employee and tenured faculty member at Washburn, you repeat in four little iv that you're an, you were an employee of Washburn. I'd like to change two, uh, just to simplify this a bit, and instead of saying plaintiff, Leslie Reynard was an employee and tenured faculty member at Washburn, to just have that say, Reynard became a tenured faculty member at Washburn.

Leslie Reynard ([00:47:13](#)):

Yeah, that's what I'd prefer. Yeah.

Judge James ([00:47:16](#)):

Okay, good. And we might move that down to below. Um, before Reynard was, is a female over the age of 40. Um, so that's easy. Okay. Then, then at the end on 10, 11, and 12 of, of the stipulations, I question, I, I don't think we need to have those in there for a number of reasons. One, I don't know that, that those 10, 11, and 12 are relevant for the trial. Secondly, the court can take judicial notice from its docket, uh, of when counsel withdrew and, uh, also of when you were deposed, and that you've been proceeding *pro se* since they withdrew. So, so are you okay if we with, and does Washburn have any objection to, to striking stipulations 10, 11 and 12? Do any of you object?

Susan Mauch, Esq. ([00:48:16](#)):

Uh, Washburn has no objection. Those were Dr. Reynard's, uh, proposals.

Judge James ([00:48:21](#)):

Okay. Dr. Reynard, are you okay if we strike those?

Leslie Reynard ([00:48:24](#)):

Yeah, but I don't think those were my proposals. Um, I I have a question, um, regarding, uh, little five. Reynard is a female over the age of 40. There was, um, a stipulation that I really wanted and want in there, which is Reynard is a person with a disability, and Washburn doesn't want that in there. Um, I'm going to raise an issue about that. I, I do not understand why that would not be stipulated.

Judge James ([00:48:53](#)):

Well, that raises a legal issue of what a, what's a disability? So that would …

Leslie Reynard ([00:48:58](#)):

A disability under the ADA…

Judge James ([00:49:00](#)):

Yeah, that's a legal issue.

Leslie Reynard ([00:49:02](#)):

Okay. Um…

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Judge James (00:49:03):

So, so, and, and another thing, you know, Dr. Reynard, I, a stipulation by definition is something both parties agree to or all sites agree to. So if you all don't agree, I won't force a party to stipulate. So, so I won't require that. Yes. Okay. But are you okay with me striking 10, 11 and 12 Dr?

Leslie Reynard (00:49:24):

Oh, yes. Absolutely. I, I don't know why they were in there.

Judge James (00:49:27):

Okay. All right, then. Let's get to the factual conclusions. Um, you know, they're longer than I like to see. I think there's a lot of stuff in here that we could do without, um, but it's hard to, for me to, um, pair them down much without just spending a ton of time. But I'm, I'm going to, I'm going to ask you some questions and maybe narrow or clarify some things. Um, and, and like I said, we will, uh, do some editing, um, just to clean up things a bit, and I won't even go through those with you all. One thing I do want to point out, there's a difference between contentions and, um, argument. Factual contentions are one thing, making colorful arguments are not helpful and are another thing. Um, Dr. Reynard, I kind of think that the sentence beginning at the bottom of page four falls in the latter category with argument. The mean, the "mean girls" reference.

Leslie Reynard (00:50:45):

Yeah. <laugh>. That's part of an art, that's part of an article title that I'm writing. It crept in <laugh>. Yeah.

Leslie Reynard (00:50:54):

I'll take it out. I'll use a different, um, adjective.

Judge James (00:50:58):

All right. We'll take out that, let's

Leslie Reynard (00:51:00):

Say her approach. I, yeah.

Judge James (00:51:07):

Okay. We're going to take that sentence out,

Leslie Reynard (00:51:10):

Not the whole sentence, <laugh>.

Judge James (00:51:12):

Well, what do you want to say?

Leslie Reynard (00:51:15):

Her approach take out mean? If you wanted to give me a word limit, I'm really used to reducing down articles to fit, uh, publications, um, page and …

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.


Judge James ([00:51:29](#)):

Well, I You have more like 12 pages here, I think.


Leslie Reynard ([00:51:34](#)):

I know, but yeah, that's …


Judge James ([00:51:36](#)):

I feel a lot better. I'd feel a lot better if you cut that in half.


Leslie Reynard ([00:51:42](#)):

Okay. So six pages.


Judge James ([00:51:44](#)):

Can you do that?


Leslie Reynard ([00:51:45](#)):

Yes, I can. Yeah.


Judge James ([00:51:47](#)):

Or even eight. Six or eight.


Leslie Reynard ([00:51:49](#)):

Yeah.


Judge James ([00:51:51](#)):

Okay. Well, let's do that then.


Leslie Reynard ([00:51:55](#)):

Yes. And what, uh, is the deadline that you like, maybe Wednesday or …


Judge James ([00:52:03](#)):

No, no, that'd be fine. Wednesday by end of business on Wednesday would be fine. Now, I don't want you adding new stuff. The idea is to compare this.


Leslie Reynard ([00:52:15](#)):

Okay. No, I, I, I end up with three articles usually when I write one, so, okay. It'll just be one by the, the 30th. Okay.


Judge James ([00:52:24](#)):

Now, let me point out a couple specific things I'd like you to clean up to Dr. Reynard there. You get over here to page 7, and you start doing a lot of o obliquely referencing people without names. So in the first, second, full paragraph on page 7, you say, "Commencing in 2014, my colleague in the department…", it would be much better if you would name who you're talking about. Oh,

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

Leslie Reynard (00:53:02):

Okay. I, I took the names out. I was afraid I would be invading people's privacy. I'll put them back in.

Judge James (00:53:08):

Yeah. Well, they're in the pleadings already, aren't they in the case? Mm-hmm.

Leslie Reynard (00:53:13):

<affirmative>, some are. Yeah. Yeah. Some are mm-hmm. <affirmative>, I'll check. And then,

Judge James (00:53:18):

Then in the, the next paragraph, you say another colleague without making mm-hmm. <affirmative>. I, I think, I think it should be in there.

Leslie Reynard (00:53:26):

Yes. Okay. I'm I'll, I'll do that.

Judge James (00:53:29):

Okay.

Leslie Reynard (00:53:31):

Yeah, it'll make it clearer, actually. I mean, it's too nebulous.

Judge James (00:53:36):

Yes, it will. And then, um, one place where I think you could cut out some unnecessary detail. For example, examples on page 8, in the first full paragraph, you say, after learning that I had initiated blah, blah, blah, blah, blah, um, "chairs put together a set of charges based upon self-generated notes, self-generated conclusions, nebulous complaints", blah, blah, blah. I, I don't think we need that detail here. I think you should just say, put together a set of unfounded charges, period. Okay. Without saying self-generated notes…… blah, blah…

Leslie Reynard (00:54:18):

Okay. Okay.

Judge James (00:54:21):

All right. Then you have some acronyms you use, and we don't know what they're referring to, like someplace you said CN

Leslie Reynard (00:54:29):

Communication. Yeah. And CAS. Okay.

Judge James (00:54:33):

So you should define those the first time you use them.

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Leslie Reynard ([00:54:36](#)):

Yes

Judge James ([00:54:38](#)):

H L C is that "Higher Learning Commission"?

Leslie Reynard ([00:54:40](#)):

Higher Learning Commission, yes. I'll, I'll put all of the actual, um, I'll put the acronyms in parens after the first use of the actual names.

Judge James ([00:54:50](#)):

Okay. And then, um, on page 10, I think you might have a little error there. At the end of the first full paragraph, you say 2012 through 15, I I think elsewhere you've limited that to 2014 to 15.

Leslie Reynard ([00:55:09](#)):

Yes. That is a typo. Okay. It's 2. Boy, you're a good editor. I, I need a, a good editor on my, on my emails actually. So, yeah. Anymore, but …that, that's needs to be changed for sure.

Judge James ([00:55:24](#)):

And again, you continue that not naming people at the top of that page, you say, this, uh, "was done by assisting in investigations of myself and the previously terminated colleague"…

Leslie Reynard ([00:55:37](#)):

Dr. Ubel.

Judge James ([00:55:39](#)):

Who is that?

Leslie Reynard ([00:55:40](#)):

Dr. Ubel. Dr. Sarah Ubel.

Judge James ([00:55:42](#)):

Okay. And likewise, the bottom of that page in the last three lines, you say "the person who had spearheaded the rubber stamping of degree audits" …

Leslie Reynard ([00:55:52](#)):

Dr. Routsong. Dr. Routsong.

Judge James ([00:55:55](#)):

Okay. So there are a lot of those places where you…

Leslie Reynard ([00:55:57](#)):

Okay.

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Judge James ([00:55:59](#)):

…apparently intentionally left out names because you didn't think that would be appropriate.

Leslie Reynard ([00:56:03](#)):

I didn't, but um, yeah, there's a lot of that. Um, I'll change all that

Judge James ([00:56:11](#)):

And …

Leslie Reynard ([00:56:11](#)):

Then, yeah. Cause I guess it doesn't make sense with all the nebulous, uh, …

Judge James ([00:56:15](#)):

Yeah.

Leslie Reynard ([00:56:15](#)):

Pronouns

Judge James ([00:56:17](#)):

On page 11 in the second full paragraph.

Leslie Reynard ([00:56:20](#)):

Yes. 2014.

Judge James ([00:56:23](#)):

Yes. But also, uh, the substance of that is that paragraph in the next paragraph. Ha. Are those, are those allegations pertinent to the claims you're pursuing now?

Leslie Reynard ([00:56:39](#)):

Yeah, it's hostile workplace. I don't know if the court, if a court or a jury would find it pertinent, but that's why I added those, because it's very, it's, it's almost a, a torture really for people who are grief-stricken to be treated that way.

Judge James ([00:56:56](#)):

Okay.

Leslie Reynard ([00:56:59](#)):

It really feels like torture to people. But I can, I can change it if you think that as a, um, the, uh, content format for, um, a pretrial order, it needs to be more,

Judge James ([00:57:18](#)):

Well, I think more …

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Leslie Reynard ([00:57:19](#)):

… Free of emotional content.

Judge James ([00:57:21](#)):

Well, no, I, I that's your decision, but I, I think it needs to indicate how you were impacted by that.

Leslie Reynard ([00:57:33](#)):

Yeah.

Judge James ([00:57:34](#)):

Okay. Um, page 12. There's an errant reference to "bridges", which I, I'm not sure what that was intended to be in the 2, 4, about the 5th line up from the bottom of page 12.

Leslie Reynard ([00:57:48](#)):

Oh. Oh my goodness. I don't either. <laugh>

Judge James ([00:57:54](#)):

<laugh>,

Leslie Reynard ([00:57:55](#)):

My eyes are telling me that, uh, it says what it's supposed. I don't know.

Judge James ([00:58:00](#)):

I don't, maybe it's supposed to be the Regents or the board. I don't

Leslie Reynard ([00:58:04](#)):

Know. The Kansas Board of Regents. Uh, I don't know. That just can go out. I don't know what that is.

Judge James ([00:58:13](#)):

Okay. Well, good. You can edit that.

Leslie Reynard ([00:58:15](#)):

You can see the ghost in the machine.

Judge James ([00:58:18](#)):

Okay. Okay. All right. Well, I'll just, I'll give reading. Yeah. Just send us a shortened, improved set of contentions and remember to take out any angry sounding argument and just make it contentions. Um,

Leslie Reynard ([00:58:35](#)):

All right. I'll, I'll look for arguments.

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

Judge James ([00:58:38](#)):

Okay. And, and really, really what you're trying to do is set out the factual basis that support the claims that you're asserting now for trial. Okay? Yes. That's the whole purpose of the contentions.

Leslie Reynard ([00:58:54](#)):

Yes.

Judge James ([00:58:55](#)):

Okay. All right. Now moving on to Washburn's contentions. Um, they're relatively short, which is good that you kind of left me hanging at the very end. Um, with that last sentence. For example, the alleged classroom lighting incident could not have happened in 2019. Why? Why is that?

Leslie Reynard ([00:59:31](#)):

It happened in 2018

Judge James ([00:59:36](#)):

Washburn. What?

Susan Mauch, Esq. ([00:59:40](#)):

Um, we don't believe Dr. Reynard was on campus for a portion of that period in 2019. It, it could not have happened then.

Leslie Reynard ([00:59:47](#)):

Okay. I, I made a mistake. It's 2018. I need to double check these dates.

Judge James ([00:59:54](#)):

Okay. Well, uh, this highlights the fact that Washburn, you may want to change, edit your contentions a bit after you see Dr. Reynard's contentions. So you may do that again. Same directive to you as to Ms. Reynard, I don't want you adding factual contentions, but you can clean up your contentions, uh, next week if, if there's some change she makes that you feel necessitates a, an editor of your factual contentions.

Susan Mauch, Esq. ([01:00:25](#)):

Okay. Can I …

Leslie Reynard ([01:00:27](#)):

Go ahead. No, go ahead.

Susan Mauch, Esq. ([01:00:30](#)):

May it please the court? Um, one of the issues that we've been having is when we've been going back and forth in our conferring, Dr. Reynard, as is her right, continues to change her factual contentions. And so I guess I would ask the court's lenient on if she raises a new contention that we have not seen, which is why I asked for an extension, honestly, because that's what we're seeing. We do want to, with a, it's okay, we want to be able to put in a contention or a response short to that additional fact, because

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

that's having been in a another <laugh>, federal magistrate's courtroom this week. Um, that is what we've been tasked to do. So I…

Judge James ([01:01:22](#)):

I understand. And, and that's why I, again, Dr. Reynard, the purpose of this editing your contentions is to limit it. Mm-hmm. <affirmative>, make it shorter and briefer and more concise and succinct. So I expect you not to be adding factual contentions or claims. It should just be striking, unnecessary factual background, cleaning up dates and cleaning up, adding names of people, um, but not adding new factual contentions. Is that understood? Yeah,

Leslie Reynard ([01:02:00](#)):

I thought we already discussed that, and I agree to that. But I do have a question. I'm sorry.

Judge James ([01:02:05](#)):

Wait a minute. Before you do that, please, before you do that, Dr. Reynard back, back to Washburn. Yes. Dr. Reynard is to have hers to me by Wednesday. Can you get back to me by end of business Friday? Washburn? Will that give you enough time? If you get Dr. Reynard's Wednesday,

Leslie Reynard ([01:02:27](#)):

You're muted.

Judge James ([01:02:28](#)):

End of business on Friday works. Great. Thank you. Okay. Okay. Very good. And, and likewise, and consistent with that for Washburn's benefit, if, if there are new contentions, um, clearly you can note that in your contentions, um, judge James

Leslie Reynard ([01:02:46](#)):

Washburn also added, uh, to their contentions quite a bit. Can we agree that they will not add new facts or contentions?

Judge James ([01:02:53](#)):

Yeah. This is not to add new contentions. It's to clean up what is their, um, so…

Leslie Reynard ([01:03:01](#)):

Um, I'm sorry. I have one more question about their contentions. I see that they've put in some sort of, um, indented text that purports to be an email from somebody who has some sort of relevance to the case, but it, would that not be considered hearsay? I don't, I don't know what the context is. I can't, uh, cross-examine the person who purportedly produced it. Um, but if it's allowed to be in there, may I add certain, um, documents and evidence that I would like? No. So should that be in there too late, taken out, too late,

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Judge James (01:03:36):

Too late? You cannot [inaudible] hearsay. You can raise that objection at trial, but hearsay, it's not a proper objection here to the pre-trial order. Now, Ms. Mauch, have you provided whatever this is from, to Dr. Reynard?

Susan Mauch, Esq.

Yes, your Honor. Okay.

Leslie Reynard (01:03:59):

It's on my documents. It's part of one of my documents that it's, it's a little fragment of one of my documents

Judge James (01:04:05):

That, okay, so you're not surprised by it?

Leslie Reynard (01:04:08):

No, but it's false. Okay?

Judge James (01:04:10):

Well, if you have an objection that it's improper or not admissible, you can raise that at trial. Okay. But that's not a proper objection to it being included in the pre-trial order. Okay?

Leslie Reynard (01:04:23):

Yes.

Judge James (01:04:24):

All right. Then, moving on to the claims and defenses. I think you all have done a good job of narrowing those and clarifying, um, and all of that is helpful as far as the claims and defenses you have set out. Um, parties should be, um, cognizant that the pretrial order limits the issues for trial. So you'll be bound by what you set out here as far as the claims and defenses that you'll be allowed to put on evidence, evidence to at trial.

Leslie Reynard (01:05:07):

Um, judge James, I'm sorry. Um, the, um, my, uh, legal claims and defenses were limited to those based on, um, your instruction that if we were to move forward with, uh, only trying CV 202 19, that they would have to be limited that way. I want to include all the claims that are in all three, um, complaints if we're consolidating all three. I don't think I need to be limited to only those that are in the one that I wrote.

Judge James (01:05:41):

I thought that's what we had been talking about all along, that you were agreeing to be limited to only your latest claims.

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

Leslie Reynard ([01:05:49](#)):

I no, that would…

Judge James ([01:05:51](#)):

That's validating. It was my understanding. You wanted to have the factual background provided from the other cases, but essentially, your only legal claims were those that you asserted in your 202219 case. Now, are you saying no different?

Leslie Reynard ([01:06:10](#)):

Yeah. And that must be a misunderstanding. This was only, uh, contemplating moving forward to trial on the complaint I wrote, if we're consolidating all three and moving to trial on all three, I want to include all three, all the, uh, claims I raised in, uh, all the complaints.

Judge James ([01:06:30](#)):

But I thought that we had just talked about the fact that 202219 basically brought forward the complaints that had been raised in the earlier cases.

Leslie Reynard ([01:06:42](#)):

I think there are one or two more legal claims. There's a whistleblower claim, there's a, um, uh, pay, um, equal Pay Act claim. Um, there's an age discrimination claim, at least three more claims, those three …

Judge James ([01:07:12](#)):

Washburn. Is that your understanding?

Susan Mauch, Esq. ([01:07:16](#)):

No. And we have no, that's not our, I think we're plowing old ground. Um, I think these are exactly the ca… claims that are before the court. And the claims that Dr. Reynard had put in the earlier pretrial order version, uh, were not proper.

Leslie Reynard ([01:07:42](#)):

Well, according to Washburn's attorneys, they weren't. But, um, wouldn't they be, you know, if they, those claims have never been dismissed or moved for to be dismissed?

Judge James ([01:07:56](#)):

They have not been dismissed. But Washburn, what is Washburn's position as to these, now that we're agreeing to consolidation of all three cases, what is Washburn's position as to why the additional claims in the two 2019 cases are, are not in this case?

Cameron Bernard, Esq. ([01:08:20](#)):

Your Honor? Um, so the, the history of this, and I think it's outlined more in detail in one of our responses to your emails on the day that either the day before we had the pretrial before, uh, we were outlining lining that there were two complaints before there was a … there was a consolidation, uh, a motion to dismiss that addressed all of these other claims that were raised. I believe in the second complaint, in response to that, uh, Dr. Reynard's attorneys, um, amended and or created a first

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

amended complaint that dropped a majority of those charges. And then, so since then, we've been proceeding through discovery, through depositions. Um, I mean, even those jurisdictional issues about, um, state versus federal claims, we haven't been operating under supplemental jurisdiction at all. Uh, at least an assumption of it. Um, and we've been operating under those three claims for years. Um, and those were the same claims that she filed in her pro se complaint.

Leslie Reynard (01:09:34):

The age, wage and whistleblower, uh, claims were not ever dismissed. And anything that my attorneys who represented me for two or three months did, they did without consulting with me, or without even reviewing my files.  I could see my files that I gave them had not even been looked at. They were just stepping in for some attorneys that, um, didn't have the heart for this kind of case at, at that point.

Judge James (01:10:04):

Well, if, if there were claims included in one or both of those 2019 cases that were in the initial complaint, but in amended complaints were dropped out, those claims were no longer in the case. You know, if they were not included in an amended complaint, you know, that was filed long before discovery was completed, and discovery went along with Washburn, uh, under the view that some of those claims had been dropped out in the amended complaints. Those, those claims are not in the case if, if they were dropped out of your e amend complaints. And the case is proceeded on that basis. I'll have

Judge James (01:10:53):

Dr. Reynard, I'm, I'm going to give you one last chance here. You, you can't, I'll let you send me, um, what additional claims you're wanting to include here. But they can't just be vague. They have to be like you've done here. They'll have to be tied to the specific count or claim of those earlier complaints. And if they're things that were dropped out of an amended complaint in those cases, uh, they're not going to be allowed to go forward. I see. So I see my directive to you is also by Wednesday of next week, you need to email me any additional claims you claim are still in the case. And they ha you have to state specifically what count of what complaint in which case they're tied to. And if those cases aren't, haven't been part of the case, they're not going to go to trial. Do you understand that?

Leslie Reynard (01:11:54):

I do. Thank you. We're…

Judge James (01:11:56):

We're at a very light point in this case, and we can't keep, it's not fair to the other side to have this shifting claims going on. Um, so …

Leslie Reynard (01:12:09):

Ideally I should have just gone *pro se* to begin with, but I didn't want to, um, I thought I would be represented by counsel, and I'm not going to raise an inadequacy of counsel issue, but, um, I think a lot of the confusion and expense has come from that direction.

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

Judge James (01:12:28):

Okay. Well, I, I'm expecting to see shortened contentions from you by end of business Wednesday. And if there are additional legal claims, um, like set out precisely as you indicated, and they may or not be, may not be included, ultimately, um, Washburn, you'll have the opportunity to respond, um, about those claims, um, by Friday as well. You can send those informally to my chambers, but both sides be aware that, uh, in ruling we may attach what you have submitted to Chambers in a filing that happens to the court. So, uh, be aware of that.

Dr. Reynard (01:13:16):

Yes, your Honor.

Judge James (01:13:36):

Um, on the damage claims, Dr. Reynard, you have at the bottom of page 22, um, attorney's fees of $1,000 and cost to date of $1,200.

Leslie Reynard (01:13:55):

Yes.

Judge James (01:13:56):

Is is that, are those what you were charged by your attorneys?

Leslie Reynard (01:14:01):

That's what, uh, I was charged by, uh, the attorney who initially, um, uh, represented me, uh, in the, uh, first informal, uh, investigation hearing, Bert Braud.

Judge James (01:14:16):

Okay.

Leslie Reynard (01:14:17):

In, um, August of 2018.

Judge James (01:14:22):

Okay. And, um, for Washburn, at the top of page 23, that attorney's number that you alleged there, is that for all three cases?

Susan Mauch, Esq. (01:14:37):

Yes.

Dr. Reynard (01:14:37):

Yes, your Honor. Yes.

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

Judge James ([01:14:39](01:14:39)):

Okay. Okay. All right. Now, um, once again, I can't give you a trial date, um, because since, since we've extended the Dispositive Motions deadline, we'll have to go back and get another trial date from Judge Teeter. Um, Casey had obtained a trial date that we would've inserted today if we had not extended the Dispositive Motions deadline. But now that we're doing that, we'll get you another trial date that will be incorporated into the pretrial order that's ultimately insured.

Leslie Reynard ([01:15:20](01:15:20)):

Out of curiosity. What would that date have been?

Judge James ([01:15:25](01:15:25)):

Uh, I don't know. And I, Casey do you have it?

Clerk ([01:15:31](01:15:31)):

I do. Just a second here.

Leslie Reynard ([01:15:34](01:15:34)):

It's amazing the three months of the year are already gone.

Judge James ([01:15:37](01:15:37)):

Mm-hmm. <affirmative> almost

Speaker 6 ([01:15:39](01:15:39)):

January 9th…

Dr. Reynard ([01:15:41](01:15:41)):

Is…

Clerk ([01:15:42](01:15:42)):

They gave us …

Leslie Reynard ([01:15:43](01:15:43)):

What date, what month?

Speaker 6 ([01:15:46](01:15:46)):

January 9th, 2023.

Leslie Reynard ([01:15:49](01:15:49)):

Wow. Okay.

Judge James ([01:15:53](01:15:53)):

So it will probably be later than that now,

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.


Leslie Reynard ([01:15:57](#)):

Huh? That's quite a ways out. Okay.


Judge James ([01:16:02](#)):

Yes. All right. Casey, what have I forgotten?


Clerk ([01:16:08](#)):

Well, there's one thing that we discussed. I'm guessing you are abandoning it because we're getting new, uh, factual contentions, but we, we had talked about the footnote on the factual contentions.


Judge James ([01:16:23](#)):

Oh, that's right. Yeah. We were going to drop a footnote saying that we thought there was extraneous information included. Um, uh, but, but I'm, I'm presuming if you cut your factual contentions to six or eight pages, we won't need that footnote.


Dr. Reynard ([01:16:41](#)):

Okay.


Judge James ([01:16:43](#)):

Anything else, Casey?


Speaker 6 ([01:16:45](#)):

I think that's all we discussed, judge.


Judge James ([01:16:47](#)):

Okay.


Susan Mauch, Esq. ([01:16:49](#)):

Your Honor, if I might, may please the court. Um, sure, go ahead. I've noticed on Washburn's defenses page 19, little I small b, um, when we, I would like to expand that a little bit. I think I went a little too narrow. And so in light of your proper, uh, reminder that we need to, uh, encompass everything we would present at trial, we have the Washburn's legitimate business decisions to place, uh, Reynard on a pro... performance improvement plan. We really, there probably were some other things. I'd like to make that a little more broad. Could I do that when we submit our, um, any changes on next Friday? Would that be okay with


Judge James ([01:17:35](#)):

You? Yes. That doesn't seem too major to me. Sure.


Susan Mauch, Esq. ([01:17:38](#)):

It's, it would just make it a little more, uh, I think it'd be a little more clear too. Thank you so much.

Reynard v. Washburn. Pre-Trial Conference. March 25, 2022.

Judge James (01:17:43):

That's fine. Also, I should point out to Washburn, I'm to just make this a little more succinct. Do you have any objection to me editing your defense, va and vb on page 21? I, I'm suggesting to just pair down that language a little bit under a, um, instead of saying Reynard's ADA retaliation claim as pled, uh, fails to state a claim upon which relief can be granted in this case, it does not have a claim for any other relief, blah, blah, blah. Could I just strike that first sentence and say, with regard to the ADA, in this case, Reynard does not have a claim. Is that okay?

Susan Mauch, Esq. (01:18:33):

I see. Yeah, that does make it more concise. Thank you.

Judge James (01:18:36):

Okay. And the same sort of thing in the, um, in b, if I say with regard to, um, the ADEA, it does not allow for the recovery of compensatory damages. Is that change? Okay.

Susan Mauch, Esq. (01:18:53):

Yes. Thank you.

Judge James (01:18:55):

And then could I strike the, the conclusory statement at the end of each of those that says, thus this claim should be dismissed?

Susan Mauch, Esq. (01:19:03):

Yes.

Judge James (01:19:04):

Okay. All right. Very good. Okay, Dr. Reynard, anything else for today?

Leslie Reynard (01:19:14):

No. Uh oh. Yes, there is. Um, I would like to, uh, specifically object to the disclosure of any of my HIPAA protected, uh, medical information and that of my husband, uh, especially since, um, Washburn has delved so deeply into my medical records, including colonoscopy and endoscopy, uh, records. Uh, and my husband's… All of his family and all of my family do not know about our cancer diagnoses. And my husband's clients do not all know about his cancer diagnosis. And, uh, not only is this information protected under HIPPA, uh, its disclosure could be very damaging to, um, our family relations, our business relations, and ourselves personally. Because, you know, being known as somebody who is that ill is, um, discouraging when other people look at you with eyes full of sympathy. Not all, but some <laugh>.

Judge James (01:20:15):

Again, I'm presuming that's the sort of thing, it can be worked out typically between the parties before trial as far as, um, stipulating to what exhibits are going to be used and things. So I'm just going to, um, um, instruct counsel and you, Dr. Reynard, to, uh, you, you'll have to confer with each other and try and stipulate as to exhibits for trial. I, hopefully this shakes out. Okay. If not, you'll have to raise those issues

<u>Reynard v. Washburn</u>. Pre-Trial Conference. March 25, 2022.

probably with Judge Teeter because you'll be in her hands, uh, as you move forward with motions in limine and, and trial matters. So, um, if you all can't agree, Dr. Reynard, that might be a motion in limine that you need to pursue, um, the limit. Um, and, and in fact, if it makes you feel more comfortable, we can note, well, we, we already know, both parties intend to file motions in limine that that sort of concern can be addressed in a motion in limine

Leslie Reynard (<u>01:21:11</u>):

Appropriate. I'll do that because my younger son would have a real problem, uh, knowing this stuff about me, and he doesn't need it.

Judge James (<u>01:21:22</u>):

Okay. All right. We'll, we'll stay tuned for that. Okay. And anything more for Washburn then?

Leslie Reynard (<u>01:21:29</u>):

Don't believe so. Thank you though for your time today.

Judge James (<u>01:21:32</u>):

Okay. All right. Well stay tuned and I'll, I'll wait to see your additional submission on Wednesday and yours on Friday, Washburn. So thank you all.

Leslie Reynard (<u>01:21:42</u>):

I appreciate your help, uh, editing and, and, uh, Casey's help discussing it. I, I really was clueless about where to go and I feel a little bit more bounded now, so thank you.

Judge James (<u>01:21:53</u>):

Okay. All right. Thank you all. Take care. Thank you. Thank you. We'll be in recess.